**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**


RALPH CURRY, SR.

        Plaintiff,

*v.*

GEORGE BEST,

        Defendant.

_____/

CASE NO. 08-CV-11476

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**
(Dkt. 4)


## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be

**GRANTED IN PART** and **DENIED IN PART** as follows:  granted as to Plaintiff's substantive

due process/malicious prosecution claim and denied as to Plaintiff's Fourth Amendment claim.


## II.    REPORT

### A.    Factual Background

Plaintiff Ralph Curry, Sr. filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983

on April 7, 2008.  Defendant George Best is an Assistant Prosecutor for the County of Saginaw,

Michigan.  The complaint alleges that while Plaintiff was under supervision with the Saginaw

County probation department, Plaintiff "was the subject of a 'randon' [sic] probationary home

search conducted by agents of the Saginaw County Probation Department, whom, was [sic]

assisted by members of the Saginaw City Police Department." (Compl.., Dkt. 1 at 4.)  At the time

of the search, which took place on June 19, 2005, Plaintiff was renting a room from Kimberly Allen. (*Id.*; Dkt. 4, Ex. 1 at 3.) Plaintiff avers that no illegal contraband was found in his bedroom but that the search was expanded to include the entire residence, vehicles and a motor home, based on "unofficially sought advise [sic] from Saginaw County Assistant Prosecutor GEORGE BEST." (Dkt. 1 at 4.) Plaintiff avers that he learned this from "Officer Scoot Richmond, a member of the Saginaw City Police Department, at the conclusion of the probationary search." (*Id.*) The police report indicates that Plaintiff's landlady, presumptively Kimberly Allen,[1] and Plaintiff consented to the search of the residence but his landlady told the officers that the motor home was not "ours, we are just keeping it in the drive for a friend." (Dkt. 4, Ex. 1 at 3.)

Plaintiff further avers that the "officers allegedly discovered a large amount of marijuana in a tool box inside the Motor Home," resulting in Plaintiff being "arrested and charged with felony possession of marijuana." (Dkt. 1 at 4.) Plaintiff was incarcerated until he could post bail and the charges were eventually voluntarily dismissed by the prosecution. (*Id.* at 7, 9.) Plaintiff contends that the events occurred because of "two years of continuous investigation, conducted solely by Assistant Prosecutor, GEORGE BEST." (*Id.* at 5.) The police report first mentions Defendant's name when the investigating officer, after opening a tool box and discovering a large quantity of marijuana, "contacted APA G. Best [and] Best advised R/O that if consent was given and they were not stopping the search to continue the search." (Dkt. 4, Ex. 1 at 3.) The police report further indicates that "[a]fter talking with APA G. Best, Sgt. Crane asked MSP to send a dog to do a more thorough search . . . [but that] no other illegal substances were located." (*Id.*)

---

[1]Although Plaintiff used this name, her name is redacted in the copy of the police report attached to the instant motion.

Plaintiff alleges that Defendant's actions violated his Fourteenth Amendment substantive due process rights by "subjecting plaintiff to a Malicious Prosecution predicated on a sinister personal vendetta." (*Id.*) In addition, Plaintiff alleges violation of his Fourth Amendment right to "be free from criminal seizure and prosecution except upon valid constitutional probable cause." (*Id.* at 7.)

Defendant filed the instant motion to dismiss (Dkt. 4), Plaintiff responded (Dkt. 7), and Defendant replied. (Dkt. 8.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.      Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To determine whether a complaint fails to state a claim and is therefore subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must view the complaint in a light most favorable to the plaintiff, accepting as true all well-pled factual allegations. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). The court need not accept as true legal conclusions or unwarranted factual inferences contained in the pleadings. *Id.* (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive the motion, "the complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.* (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652

(1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite

a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th

Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998

F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v.*

*Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life*

*Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court

"to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775

F.2d 1274, 1278 (4th Cir. 1985).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the

allegations in the complaint, although matters of public record, orders, items appearing in the

record of the case, and exhibits attached to the complaint, also may be taken into account."

*Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added).

This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates*

*Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Thus, the police report that

is central to the complaint and is attached to the instant motion may be referred to without

converting the motion to a summary judgment motion. (Dkt. 4 at Ex. 1.)

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by

the federal Constitution or federal law that was (2) committed by a person acting under color of

state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

C.     Governing Law

Absolute prosecutorial immunity protects the acts falling within a prosecutor's role as advocate. *Manetta v. Macomb County Enforcement Team*, 141 F.3d 274, 279 (6th Cir. 1998); *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997). "Prosecutors are entitled to absolute immunity for 'initiating a prosecution and . . . presenting the state's case." *Lomaz v. Hennosy*, 151 F.3d 493, 498 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). This immunity extends to all decisions to prosecute except those "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification," *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)).

"[A] prosecuting attorney will only receive absolute immunity for activities that were 'an integral part of the judicial process.'" *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) (quoting *Imbler*, 424 U.S. at 430) (concluding prosecutor not entitled to absolute immunity for coercing and threatening a witness to continue to testify falsely post-trial and during administrative investigation). Because the United States Supreme Court had previously concluded that "the knowing use of false testimony and the suppression of material evidence at [a defendant's] criminal trial were 'intimately associated' with the judicial phase of the criminal process thereby triggering absolute immunity, the Court did not address what other activities might also be 'integral.'" *Id.* (quoting *Imbler,* 424 U.S. at 413, 430). Since *Imbler*, courts have taken a "functional approach" and "have concluded that a prosecutor is protected 'in connection with his duties in functioning as a prosecutor.'" *Id.* (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th

Cir. 2002)).  The "critical inquiry is how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc) (emphasis in original).  The types of activities that have been considered as within the advocacy role of the prosecutor's office such that absolute immunity applies are claims for malicious prosecution, appearance at a probable cause hearing and before a grand jury, evaluation of evidence, preparation of witnesses for trial, and the knowing presentation of false testimony.  *Spurlock*, 330 F.3d at 797-98 (citations provided therein).

On the other hand, state prosecutors are not entitled to absolute immunity when performing administrative duties or when giving legal advice to the police.  *See Burns v. Reed*, 500 U.S. 478, 496, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (prosecutor's appearance in court in support of an application for a search warrant and presentation of evidence at that hearing were protected by absolute immunity but prosecutor's providing legal advice to the police regarding whether the police interviewing suspect under hypnosis was an acceptable investigative technique was not protected by absolute immunity).  The Supreme Court has "not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity . . . [including] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).  "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested on the other hand.  When a prosecutor performs the

investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Buckley*, 509 U.S. at 273 (quoting *Hampton v. Chicago,* 484 F.2d 602, 608 (7th Cir. 1974)).

In *Buckley*, the Court held that the prosecutors were not functioning as advocates when determining whether a boot-print at the scene of the crime had been made by the petitioner, noting that the "prosecutors do not contend that they had probable cause to arrest petitioner . . . [t]heir mission was entirely investigative . . . [a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." *Buckley*, 509 U.S. at 274. The Court further explained that the "reason lack of probable cause allows us to deny absolute immunity for [the alleged] fabrication of evidence [boot-print match] is that there is no common law tradition of immunity for it, whether performed by a police officer or a prosecutor [and] [t]he reason that we grant it for [] malicious prosecution is that we have found a common-law tradition of immunity for a prosecutor's decision to bring an indictment." *Buckley*, 509 U.S. at 274, n.5. If the challenged function falls under the umbrella of actions protected by absolute immunity, the prosecutor is entitled to absolute immunity "regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F.3d 231, 238 (2d Cir. 2005). Defendant prosecutors bear the burden of proving they are entitled to absolute immunity. *Spurlock*, 330 F.3d at 796.

### D. Analysis & Conclusion

Under the above precedent, it is clear that Defendant is shielded from any liability for all actions taken in advocating for the people and in prosecuting Plaintiff, including the substantive

due process/malicious prosecution claim. Therefore, I suggest that Defendant's motion to dismiss be granted as to Plaintiff's substantive due process/malicious prosecution claim.

What is less clear is whether Defendant is entitled to absolute immunity regarding Plaintiff's Fourth Amendment claim for the alleged advice he gave the police during the search. "It is important to note that simply alleging that a prosecutor gave legal advice is not necessarily sufficient to survive an assertion of absolute immunity. To fall outside the prosecutor's function as an advocate for the state, the legal advice must have been given as part of the investigative or administrative phase of the criminal case." *Prince v. Hicks*, 198 F.3d 607, 612 (6th Cir. 1999) (denying absolute immunity where prosecutor allegedly gave advice to police that probable cause existed before probable cause did exist and before the prosecutor determined she would initiate criminal proceedings). "The dividing line is not . . . the point of determination of probable cause . . . [it] is the point at which the prosecutor performs functions that are intimately associated with the judicial phase of the criminal process." *Id.* at 614.[2]

In the instant case, Plaintiff asserts that Defendant was an integral part of the entire investigation for years before the search and during the search to expand the search beyond Plaintiff's rented room. (Dkt. 1 at 4-5.) Defendant's evidence supports the inference that Defendant's advice – that if consent to search had been given by the landlady, the police could continue to search the entire residential area – came only after the marijuana had been found and

---

[2]At times in previous cases, perhaps based on language in *Buckley,* the dividing line appeared to rest at the determination of probable cause. *See, e.g., Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998) ("There is no question that the prosecutors were acting as advocates for the state when they appeared in front of [the] Judge [] with the affidavit and search warrant . . . . The act of initiating and presenting the state's case includes appearances before a judge to establish probable cause for a search warrant . . . [and] during preparation of the affidavit and search warrant for presentation in court, particularly where, as here, the undisputed facts show that when the defendants prepared the affidavit and the warrant, the undercover foray into [plaintiff's] facility had already revealed the presence of the evidence listed in the warrant, and the marshals had already determined that this evidence, among other things, provided probable cause.")

probable cause to believe a crime had been committed by someone had been established.  (Dkt. 4, Ex. 1 at 3.)

Since probable cause is not the dividing line, I suggest the potential presence of probable cause could not overcome the fact that Defendant's advice was not given while performing functions as an advocate or during the judicial phase of prosecution.  *See Spurlock, supra.* Defendant's advice to continue to search, or as Plaintiff would maintain, to conduct the search, is more akin to an investigative role than advocacy. *See Harris v. Bornhurst*, 513 F.3d 503, 510 (6th Cir. 2008) (denying absolute immunity where, after plaintiff confessed, the police called the prosecutor, the prosecutor came to the station, listened to the tape and directed the police to arrest plaintiff); *Coopshaw v. Figurski*, No. 06-CV-13246, 2008 WL 324103, *10 (E.D. Mich. Feb. 6, 2008) ("It is clear that [defendant] was not acting as an 'advocate' in giving legal advice to Fugurski on whether he had enough probable cause to obtain a search warrant . . . [he] was not performing functions that were intimately associated with the judicial phase of a criminal proceeding nor was he engaged in an effort to obtain or preserve evidence once probable cause existed to arrest a suspect.").

Even if probable cause were the dividing line, although Defendant's evidence supports the finding that his advice was given after probable cause existed, Plaintiff's allegations are that Defendant's advice permeated the investigation from its inception.

Viewing the facts in the light most favorable to the Plaintiff, I suggest that Plaintiff has sufficiently alleged facts to survive the instant motion to dismiss based on absolute prosecutorial immunity under either viewpoint.  Therefore, I suggest that Defendant's motion to dismiss based on absolute immunity be denied as to Plaintiff's Fourth Amendment claim.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                  s/  *Charles E Binder*
                                             CHARLES E. BINDER
Dated: June 26, 2008                         United States Magistrate Judge




### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christina Grossi, Jamie Totten, and on Ralph Curry, Sr.,by first class mail, and served on U.S. District Judge Ludington in the traditional manner.


Date:  June 26, 2008                 By____s/Patricia T. Morris_____
                                             Law Clerk to Magistrate Judge Binder