UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALPH CURRY, SR.,

                Plaintiff,                Case Number 08-11476-BC

v.                                              Honorable Thomas L. Ludington

GEORGE BEST,

                Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTION, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

On April 7, 2008, Plaintiff Ralph Curry, Sr. ("Plaintiff") filed a pro se complaint alleging that Defendant George Best, a criminal prosecutor for the County of Saginaw, violated Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. According to the complaint, Plaintiff, under probation of a Saginaw county court, was residing at the residence of Ms. Kimberly Allen ("Landlord"). Plaintiff rented and occupied a single bedroom within Landlord's residence. On June 19, 2005, a Saginaw County police officer conducted a probationary search of Plaintiff's room, which did not yield any contraband– narcotic or otherwise. Plaintiff alleges that the search was conducted because an off-duty police officer believed that he witnessed conduct at the residence consistent with a drug house.

After the fruitless search of Plaintiff's bedroom, the officer approached Defendant for advice concerning potential legal justifications to expand the scope of the search to the entire dwelling and curtilage of Landlord's dwelling. Plaintiff alleges that Defendant provided "advise [sic] and authority" to broaden the search. Dkt. # 1 at 4. The officer searched the entire residence, "including all vehicles and containers in, around, and upon the premise[s]." *Id.* The officer discovered marijuana concealed in a tool box inside Landlord's motor home parked in the driveway of the

residence. Plaintiff summarized the constitutional harms as follows:

> [D]efendant initiated criminal proceedings against plaintiff without valid constitutional probable cause, because the probationary search relative [sic] plaintiff was confined solely to plaintiff's bedroom (plaintiff's exclusive area of control), and the judicially unauthorized extended search (authorized by defendant) which revealed the existence of illegal contraband, was discovered in a motor home belonging to defendant's [sic] landlord. Consequently, there was no legal nexus between plaintiff, the motor home, or the illegal contraband discovered therein; and, because no nexus existed [sic] probable cause to seize plaintiff was absent; and, therefore, plaintiff's resultant seizure for felony marijuanan [sic] possession was without constitutional probable cause of which defendant was fully cognizant.

*Id.* at 9. The complaint emphasizes that the motor home was owned by the landlord. *Id.*

Police officers arrested and charged Plaintiff for felony possession of marijuana. Defendant pursued the felony complaint for approximately two years before requesting all charges be dismissed. Well before the dismissal of the indictment, Plaintiff contends that the presiding judge indicated that the prosecution would be unable to meet its burden of proof. Plaintiff filed this complaint alleging that Defendant "embarked on a personal campaign of malicious prosecution which resulted in [P]laintiff suffering mental, emotional, and financial stress and hardship." *Id.* at 5.

I

Plaintiff's complaint alleges two violations of 42 U.S.C. § 1983. First, Defendant's conduct amounts to malicious prosecution in violation of Plaintiff's due process rights under the Fourteenth Amendment. Second, Defendant's participation in the search of the motor home and Plaintiff's subsequent arrest violated Plaintiff's Fourth Amendment right to be free from search and seizure without probable cause.

Defendant responded to the complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendant's motion to dismiss

advances two bases for dismissal. Dkt. # 4. First, Defendant, as a prosecutor enforcing state criminal law, is entitled to immunity provided to states in the Eleventh Amendment. *Id.* at 9-11. Second, Defendant is entitled to absolute immunity as a prosecutor acting within the scope of his law enforcement authority. *Id.* at 12-15.

Plaintiff's response brief asserts that Defendant's participation in the investigation falls outside the scope of official prosecutorial conduct and enforcement of state criminal law. Dkt. # 7. Hence, Defendant is not entitled to Eleventh Amendment immunity. *Id.* at 9. Likewise, Defendant is not entitled to absolute prosecutorial immunity because his actions were of "investigative and administrative" character. *Id.* at 10-11.

On June 26, 2008, Magistrate Judge Charles E. Binder issued a report and recommendation[1] suggesting prosecutorial immunity barred Plaintiff's Fourteenth Amendment claim, but did not provide a basis for dismissal of the Fourth Amendment claim. Dkt. # 9. Judge Binder suggests the allegation that Defendant advised and authorized the search of the entire residence falls outside of the official scope of a prosecutor; thus, the Fourth Amendment claim predicated on the search of the residence should not be dismissed. *Id.* at 8-9.

On July 3, 2008, Defendant filed an objection to the report and recommendation, which advanced a new legal basis in support of his motion to dismiss. Dkt. # 10. Defendant believes that to the extent that he is not entitled to absolute immunity for his role in the search, qualified immunity bars Plaintiff's Fourth Amendment claim. Defendant asserts that the facts in the complaint support his view that his conduct, as alleged, was objectively reasonable. *Id.* at 2-3. (*citing Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 277 (6th Cir. 1998). Plaintiff responded to

---

[1] The magistrate judge issued a report and recommendation after this Court referred all pretrial matters to Judge Binder on April 21, 2008. *See* dkt. # 2.

Defendant's objection, contending that Defendant is not entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).

Before addressing the merits of Defendant's objection, it is important to observe the current posture of the case. First, Plaintiff did not object to the magistrate judge's recommendation to dismiss Plaintiff's Fourteenth Amendment claim. Second, to the extent Defendant objects to the magistrate judge's disposition, he does not contend that Judge Binder misapplied the legal doctrines advanced in his motion to dismiss – immunity under the Eleventh Amendment or absolute prosecutorial immunity. Rather, the objection – as Plaintiff's response points out – raises the new basis for relief of qualified immunity. Because Plaintiff has raised qualified immunity subsequent to the magistrate judge's report and recommendation, the Court will review the argument de novo.

To the extent that Defendant has raised qualified immunity at a late stage, it is not unduly prejudicial for the Court to consider the argument. First, Plaintiff substantively addressed Defendant's qualified immunity argument in his response brief. Second, examining the question is in accordance with the purpose of qualified immunity – i.e. to avoid the unnecessary burden and expense of litigation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Thus, the Court will consider the argument recently advanced by Defendant.

II

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and allow for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court

must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

III

"Qualified immunity provides 'that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Champion v. Outlook Nashville, Inc.,* 380 F.3d 893, 900 (6th Cir. 2004) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Sixth Circuit undertakes the following three step analysis to determine whether the official is entitled to immunity:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiff[] show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Id.* at 901.

Despite the three tiers of analysis required for qualified immunity, Defendant's objection focuses on the objective reasonableness of the conduct alleged in the complaint. A court addressing the applicability of qualified immunity, however, "must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (quotations omitted). Plaintiff's complaint arguably raises two bases for advancing a Fourth Amendment violation: (1) the search of the entire residence, including the

contents of vehicles parked in the residence's curtilage and (2) Defendant directed the arrest of Plaintiff without probable cause.

Under the Fourth Amendment, a search is only unreasonable if the party advancing the claim "manifested a subjective expectation of privacy in [his or her property] that society accepts as objectively reasonable." *California v. Greenwood* 486 U.S. 35, 39 (1988) (citations omitted). Thus, Plaintiff "must satisfy a two-pronged test to show a legitimate expectation of privacy: 1) he must manifest an actual, subjective expectation of privacy; and 2) that expectation is one that society is prepared to recognize as legitimate." *United States v. Pollard*, 215 F.3d 643, 646-47 (6th Cir. 2000). A party does not have standing to challenge an unconstitutional search of property without some legitimate expectation of privacy in the property. *Garcia v. Dykstra*, 260 Fed.Appx. 887, 892-93 (6th Cir. 2008) (unreported) (plaintiffs that stored property in storage unit, but did not own or lease unit, had legitimate expectation of privacy because Fourth Amendment protection not contingent on property right); *see also United States v. Kellogg*, 202 Fed.Appx. 96, 101-02 (6th Cir. 2006) (unreported) (defendant did not have legitimate expectation of privacy in co-worker's barn where defendant merely stored items in the barn without the co-worker's permission to do so).

To the extent Plaintiff advances an unreasonable search theory, Defendant is entitled to qualified immunity. Plaintiff's complaint continually stresses that the motor home and its contents were owned by Landlord. Moreover, Plaintiff emphasizes that the area of under his control only encompassed the bedroom that he rents. Plaintiff, without asserting a subjective expectation of privacy, lacks standing to challenge the searches of the tool box or the motor home. Therefore, Defendant is entitled to qualified immunity with respect to his participation in the search of the motor home.

Plaintiff's complaint also alleges that Defendant participated in his arrest without probable cause. "The Fourth Amendment requires that a law enforcement officer may not seize an individual except after establishing probable cause that the individual has committed, or is about to commit, a crime." *Radvinsky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (citation and quotation omitted). "Probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983). Instead, probable cause is determined by viewing the "totality of the circumstances." *Id*. In the context of an arrest, "Probable cause is defined by asking whether at that moment the facts and circumstances within [the officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Radvinsky*, 496 F.3d at 614.

Now, Defendant believes that he is entitled to qualified immunity for his alleged role in the arrest. Viewing the facts as alleged in the complaint as true, it is premature to determine whether Defendant is entitled to qualified immunity. Plaintiff's complaint certainly alleges that Defendant violated Plaintiff's constitutional right to be from seizure absent probable cause. Moreover, there is little doubt that the constitutional right in question was clearly established at the time of the arrest.

Thus, the sole inquiry is whether Defendant's conduct was objectively reasonable. In this circumstance, the answer to that question arises from whether requisite probable cause existed at the time of Plaintiff's arrest. Plaintiff's complaint does not allege facts that, under the *Gates* totality of the circumstances test, clearly demonstrate probable cause. Rather, Plaintiff alleges that Defendant and officers knew that the motor home, where the marijuana was found, did not belong to Plaintiff.

Other than an unidentified officer's observation of conduct similar to a drug house, the complaint does not contain any facts supporting a conclusion that probable cause existed to arrest Plaintiff. Notwithstanding Defendant's reliance on *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 277 (6th Cir. 1998), it is premature for the Court to make such determinations, absent factual development. Thus, the Court will overrule Defendant's objection.

IV

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is [Dkt. #9] is **ADOPTED** and Defendant's objection [Dkt. # 10] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion to dismiss [Dkt. # 4] is **GRANTED** in part and **DENIED** in part.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 31, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 31, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS