# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

RALPH CURRY, SR.,

    Plaintiff,                CASE NO. 08-CV-11476

v.                             DISTRICT JUDGE THOMAS L. LUDINGTON
                               MAGISTRATE JUDGE CHARLES E. BINDER

GEORGE BEST,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS BY GEORGE BEST
(Dkt. 15)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion be **GRANTED**.

## II. REPORT

### A. Background

Plaintiff Ralph Curry, Sr., filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 7, 2008. The case was referred to the undersigned magistrate judge for pretrial case management on April 21, 2008. (Dkt. 2.)

Defendant George Best is an assistant prosecuting attorney for the County of Saginaw, Michigan. The complaint avers that while Plaintiff was under probation of the Saginaw County court, he rented and occupied a single bedroom within the residence of Kimberly Allen

("Landlord"). On June 19, 2003,[1] a Saginaw County police officer conducted a probationary search of Plaintiff's bedroom, which did not yield any contraband. Plaintiff alleges that after the fruitless search of the bedroom, the officer contacted Defendant Best by phone for advice concerning potential legal justifications for expanding the search to including the entire Landlord's dwelling. Plaintiff alleges that Defendant Best gave authority to broaden the search. (Compl. at 4.) The officer then allegedly searched the entire residence, "including all vehicles and containers in, around and upon the premise[s]." (*Id.*) The officer discovered marijuana concealed in a tool box inside the Landlord's motor home, which was parked in the driveway of the residence. Plaintiff was arrested and charged with felony possession of marijuana. Defendant Best allegedly handled the prosecution of the criminal case, pursuing it for approximately two years before all charges were dismissed on June 1, 2005.

In 2008, Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Best violated Plaintiff's Fourteenth Amendment substantive due process rights by "subjecting plaintiff to a Malicious Prosecution predicated on a sinister personal vendetta." (Compl. at 5.)

Following a Report and Recommendation ("R&R") on an initial motion to dismiss by Defendant Best, U.S. District Judge Thomas L. Ludington issued an order wherein Plaintiff's allegation was broken down into two claims: one, that Defendant Best's conduct amounted to "malicious prosecution in violation of Plaintiff's due process rights under the Fourteenth Amendment" (the "Fourteenth Amendment claim"), and two, that Defendant Best's "participation in the search of the motor home and Plaintiff's subsequent arrest violated Plaintiff's Fourth Amendment right to be free from search and seizure without probable cause" (the "Fourth Amendment claim"). (Order, Dkt. 12 at 2.) The Fourteenth Amendment claim was dismissed, and

---

[1] The complaint erroneously states that the search and arrest took place on June 19, 2005.

the only remaining claim – the Fourth Amendment claim – was itself broken down into two parts: "(1) the search of the entire residence, including the contents of vehicles parked in the residence's curtilage and (2) Defendant directed the arrest of Plaintiff without probable cause." (Order, Dkt. 12 at 5-6.) Judge Ludington granted qualified immunity to Defendant Best on the first part – the unreasonable search claim – because Plaintiff did not have standing to object to the search of the motor home. (*Id.*) With regard to the unlawful arrest claim, the Court found as follows:

> Defendant believes that he is entitled to qualified immunity for his alleged role in the arrest. Viewing the facts as alleged in the complaint as true, it is premature to determine whether Defendant is entitled to qualified immunity. Plaintiff's complaint certainly alleges that Defendant violated Plaintiff's constitutional right to be [free] from seizure absent probable cause. Moreover, there is little doubt that the constitutional right in question was clearly established at the time of arrest.
>
> Thus, the sole inquiry is whether Defendant's conduct was objectively reasonable. In this circumstance, the answer to that question arises from whether requisite probable cause existed at the time of Plaintiff's arrest. Plaintiff's complaint does not allege facts that, under the *Gates* totality of the circumstances test, clearly demonstrate probable cause. Rather, Plaintiff alleges that Defendant and officers knew that the motor home, where the marijuana was found, did not belong to Plaintiff. Other than an unidentified officer's observation of conduct similar to a drug house, the complaint does not contain any facts supporting a conclusion that probable cause existed to arrest Plaintiff. Notwithstanding Defendant's reliance on *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 277 (6th Cir. 1998), it is premature to make such determinations absent factual development.

(Order, Dkt. 12 at 7-8.)

Following this order, Defendant Best filed a motion to dismiss the remaining unlawful arrest claim, raising three arguments: (1) the claim was not filed within the applicable limitations period; (2) Defendant did not assist with nor was he involved in Plaintiff's arrest; and (3) probable cause existed at the time of Plaintiff's arrest. (Dkt. 15.) Although styled as a motion to dismiss, Defendant attached seven exhibits to the motion, including his affidavit. Plaintiff responded and attached three exhibits to his response. (Dkt. 16.) Defendant filed a reply. (Dkt. 17.) Upon

3

review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Whether the Remaining Claim is Barred by the Statute of Limitations

#### 1. Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

#### 2. Analysis & Conclusion

Defendant Best asserts that the remaining claim should be dismissed because it was filed long after the expiration of the statute of limitations. Because Congress did not specifically adopt

4

a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)). The appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. MICH. COMP. LAWS ANN. § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986). It is therefore clear that the limitation period for this claim is three years; the question at issue, however, is when the limitations period began to run. The answer to this question is governed by federal law. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

Plaintiff asserts that *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), provides the appropriate rule of accrual for his § 1983 claim. *Heck* held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted). Plaintiff contends that *Heck* applies to his unlawful arrest claim and dictates that the statute of limitations did not begin to run until the day the criminal charges against him were dismissed. In his response brief, he points to *Heck*'s rule that "a claim pursuant to Section 1983 that would imply the invalidity of a *criminal conviction* did not accrue until the *conviction* was reversed, dismissed, or expunged . . . ." (Pl.'s Resp., Dkt. 16 at 7 (emphasis

5

added).) The distinction that Plaintiff is missing is that he was never convicted, and therefore *Heck* is inapposite to this case.

The Supreme Court addressed the precise issue presented here in *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). In that case, the plaintiff alleged that the limitations period for his section 1983 unlawful arrest claim began to run at the time the charges against him were dropped and he was released from custody. The Court disagreed, finding that the limitations period began to run at the time he first appeared before a judicial officer and was bound over for trial, because at that point his alleged detention without legal process had concluded, and his detention pursuant to legal process began, regardless of whether he could later show that the arrest was unlawful. *Wallace*, 127 S. Ct. at 1096. The Court rejected the plaintiff's assertion that *Heck* extended the accrual of the limitations period, explaining that "the *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id*. at 1097-98 (quoting *Heck*). The Court thus held that the "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id*. at 1100.

In this case, Plaintiff was "detained pursuant to legal process" on December 3, 2003, the day his preliminary examination was held and he was bound over for trial. Therefore, the statute of limitations expired three years later on December 3, 2006. Plaintiff first filed these allegations against Defendant Best on January 3, 2008, more than a year after the deadline had passed.[2]

---

[2] Plaintiff's original complaint against Defendant Best was filed on January 3, 2008 (E.D. Mich. case no. 08-10055), and was dismissed without prejudice on January 30, 2008, by U.S. District Judge Victoria A. Roberts for failure to timely effectuate service of the complaint upon the Defendant.

Accordingly, I suggest that Plaintiff's Fourth Amendment claim for unlawful arrest be dismissed because it was filed after the expiration of the statute of limitations.

### C. Personal Involvement of Defendant Best

In the interests of efficiency and judicial economy on review, I will also consider Defendant's argument that the case should be dismissed because he did not participate in Plaintiff's arrest.

#### 1. Governing Standards

A motion to dismiss under Rule 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. The motion to dismiss currently before the Court, however, comes after Judge Ludington instructed that more factual development was necessary in order to determine whether Defendant was entitled to qualified immunity on the claim alleging that Defendant's role in Plaintiff's arrest was unreasonable under the Fourth Amendment. As a result, Defendant attached to his motion the police report prepared by the arresting officer; excerpts from the preliminary examination held on December 3, 2003, where Plaintiff was bound over for trial; and Defendant's affidavit.

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). In this case, Plaintiff responded to the motion by submitting his argument 45 pages of documents in support, most of which consist of preliminary examination transcripts. It is clear that both parties desire and expect the court consider their entire submission. In their treatise, Wright and Miller explain that

> [t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. This discretion generally will be exercised on the basis of a determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (footnote omitted). Here, where both parties supplied and relied upon additional material beyond the pleadings, and where the disposition of the case is likely to be facilitated by considering this documentation, the Court will consider all of the documents provided by both parties under Rule 56. *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975) (conversion from Rule 12(b)(6) to Rule 56 proper where non-moving party could not claim unfair surprise).

Granting summary judgment under Rule 56 is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute over a material fact will only be genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### 2. Analysis & Conclusion

I suggest that, even if the Fourth Amendment unlawful arrest claim against Defendant Best had been timely filed, it nevertheless should fail because the factual development has shown that there is no evidence beyond Plaintiff's mere speculation and conjecture that Defendant Best directed or authorized the officers to arrest Plaintiff on June 19, 2003. It is axiomatic that, regardless of whether probable cause existed at the moment of Plaintiff's arrest, Defendant Best can only be liable for the alleged unlawful arrest if he assisted, authorized, approved, or knowingly

acquiesced in the unconstitutional conduct. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

Defendant Best states in his affidavit that his involvement in Plaintiff's arrest was limited to the following:

> 4. On or about June 19, 2003, I received a telephone call from Det. Tracy Pike with the City of Saginaw Police Department who advised that the City of Saginaw Police Department was assisting in a probationary search and that contraband had been found at the search location.
>
> 5. I was further advised that investigating officers had also obtained consent to search the property and had, during that search, found a locked tool box that partially revealed a portion of a plastic baggie and that upon opening the box, a large amount of marijuana and a scale had been found.
>
> 6. In response to a question, I informed Det. Pike that if consent had not been revoked, the officers could continue the search. I was later advised that residency/occupancy documents in Mr. Curry's name had been found in the place that the tool box had been found.
>
> 7. I was not contacted by any officers prior to the finding of contraband at 606 Cathay Street, Saginaw, Michigan.
>
> 8. After speaking with Det. Pike, I had no further contact with the matter until after Mr. Curry had been arrested.
>
> 9. I did not advise officers to arrest Mr. Curry on June 19, 2003, nor was I asked by the investigating officers whether they had probable cause to place Mr. Curry under arrest.
>
> 10. I did not provide advice, direct, or in any other manner assist or participate in the arrest or the decision to arrest Mr. Curry.

(Dkt. 15 at Ex. F.)

Defendant also attached Detective Pike's police report to his motion. (Dkt. 15 at Ex. A.) In the report, Detective Pike (the responding officer, or "R/O") detailed the relevant circumstances of the investigation and arrest as follows:

> After R/O located the [marijuana and scale inside the tool box], R/O stopped searching and contacted APA G. Best. Best advised R/O that if consent was given and they were not stopping the search to continue the search.
>
> After talking with APA G. Best, Sgt. Crane asked MSP to send a dog to do a more thorough search . . . . No other illegal substances were located inside the house, in the garage or in the back yard.
>
> R/O located mail belonging to Ralph Curry in the motor home on the dash above the steering wheel. R/O seized the mail and secured it as evidence. . . .
>
> Curry was arrested for Probation Violation and PWID marijuana. [Landlord] was not arrested so that she could care for her disabled daughter.

(Police Report, Dkt. 15, Ex. A at 2.)

Plaintiff's response in opposition to Defendant's motion with regard to this issue asserts that Plaintiff's "offer of proof" clearly establishes that Defendant Best "knowingly instigated the illegal arrest of Plaintiff" while being fully aware that his landlord's brother, Albert Robinson, occupied the motor home as a tenant and admitted that the marijuana was his. The remainder of Plaintiff's argument, as well as his exhibits, attempt to demonstrate that the marijuana in fact belonged to Mr. Robinson. However, Plaintiff has proffered no evidence, testimonial or otherwise, that in any way suggests that Defendant Best assisted, advised, or participated in the arrest. Because no genuine issue of material fact exists regarding whether Defendant Best committed a constitutional violation, qualified immunity is not brought into play. *See Adams v. City of Auburn Hills*, 336 F.3d 515 (6th Cir. 2003) ("Without an underlying constitutional violation, the question of whether [defendant] is entitled to qualified immunity is moot.").

Accordingly, I suggest that even if Plaintiff's unlawful arrest claim against Defendant Best was timely filed, Defendant Best is entitled to summary judgment because Plaintiff's speculative and unsupported allegation that Defendant Best authorized his 2003 arrest is insufficient to subject Defendant Assistant Prosecutor Best to further federal civil rights proceedings.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: December 15, 2008               United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christina Grosse and Jamie Totten, and served by first class mail on Ralph Curry, Sr., at 606 Cathay St., Saginaw, MI, 48601-1361.

Date: December 15, 2008          By      s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder