UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALPH CURRY, SR.,

             Plaintiff,             Case Number 08-11476-BC

v.                                         Honorable Thomas L. Ludington

GEORGE BEST,

             Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, AND GRANTING DEFENDANT'S MOTION TO DISMISS

On June 19, 2003, a police officer conducted a "random probationary" search of a residence and its curtilage where Plaintiff Ralph Curry, Sr. ("Plaintiff") was renting a room. The search of a motor home parked on the driveway yielded a quantity of marijuana. Plaintiff was arrested for the offense, but Plaintiff denied that he maintained dominion over the motor home or its contents. On December 3, 2003, the state court held a preliminary hearing and bound Plaintiff over for trial. Ultimately, the charges were dismissed on June 1, 2005.

On April 7, 2008, Plaintiff filed a pro se complaint alleging that Defendant George Best ("Defendant"), a criminal prosecutor for the County of Saginaw, violated Plaintiff's Fourth Amendment rights for his participation in Plaintiff's arrest. On September 11, 2008, Defendant filed a motion to dismiss Plaintiff's remaining claim for violation of his Fourth Amendment rights. Dkt. # 15. The motion to dismiss contends, inter alia, that Plaintiff did not file his complaint within the applicable statute of limitations and that Plaintiff can not establish an issue of fact that Defendant had any involvement with the arrest. On December 15, 2008, Magistrate Judge Binder issued a report and recommendation that the Court grant the motion to dismiss for both reasons. On

December 24, 2008, Plaintiff filed an objection. For the reasons herein, the Court will adopt the report and recommendation, grant the motion to dismiss, and overrule Plaintiff's objection.

A

First, Judge Binder concluded that a three year statute of limitations applies to Plaintiff's 42 U.S.C. § 1983 causes of action. Dkt. # 18 at 5 (citing Mich. Comp. Laws § 600.5805; *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986)). Further, Judge Binder concluded that the limitations period began to run "at the time the claimant becomes detained pursuant to legal process." *Id.* at 6 (citing *Wallace v. Kato*, 549 U.S. 384, 396-97 (2007)). Judge Binder reasoned that the statute began to run on the date that Plaintiff was bound over for trial, December 3, 2003, and his complaint was filed outside the three-year period, January 7, 2008. Thus, Plaintiff's 42 U.S.C. § 1983 claims are time barred.

Plaintiff does not dispute that his action is governed by a three-year statute of limitations. Rather, Plaintiff contends that the magistrate judge incorrectly concluded that the statute began to run on December 3, 2003. Plaintiff argues that, as a pro se litigant, the statute is not triggered until he "knew or should have known of the injury." Dkt. # 19 at 4 (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). Plaintiff emphasizes his unfamiliarity with civil and constitutional law and contends did not appreciate that he may have a legal claim until "a chance encounter with a friend of his [s]on (whom happened to be a paralegal) . . . ." Consequently, Plaintiff argues that the statute tolled until he recognized the potential for a civil remedy.

Indeed, the authority relied upon by Plaintiff, *Ruff*, focuses on when the plaintiff knew or should have known of the injury. Notwithstanding the standard set forth in *Ruff*, the Court agrees with the magistrate judge that *Wallace v. Kato*, 549 U.S. 384 (2007) controls in this situation. In

that case, the petitioner was charged and convicted with a homicide, but was ultimately reversed by the state appellate court. *Id.* at 386. Soon after his release, the petitioner brought an action for violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983, but well after the applicable statute of limitations period had run. *Id.* at 387. The Supreme Court unambiguously held "that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial." *Id.* at 391.

Here, *Wallace* controls and the statute of limitations began to run on the date he was bound over for trial, December 3, 2003. Consequently, the Court agrees that Plaintiff's complaint is time barred because it was filed after December 3, 2006.

B

Notwithstanding that conclusion, the magistrate judge also recommended granting summary judgment in favor of Defendant because Plaintiff has not raised an issue of fact that "that Defendant [] assisted, advised, or participated." Dkt. # 18 at 8-9. The magistrate judge noted that Defendant's affidavit asserts that officers contacted Defendant after discovering the marijuana and that Defendant did not instruct or advise officers whether probable cause for arrest existed. *Id.* at 9 (citing Dkt. # 15-8). Moreover, a police report generated at the time of the search and arrest is consistent with Defendant's affidavit. The magistrate judge reasoned that Plaintiff had not offered any evidence, "testimonial or otherwise," that suggests Defendant participated in the arrest.

In his objection, Plaintiff argues that he "has clearly set forth facts in dispute that calls into question Defendant's personal participation in his illegal seizure." Dkt. # 19 at 5. Plaintiff reasons that Defendant's version of events are inconsistent with protocol. *Id.* For example, Plaintiff asserts that was illogical for officers to contact Defendant during the search, rather than before the search.

*Id.* Again, the Court agrees with the magistrate judge because that argument is unsupported by any evidence. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Plaintiff has not met his burden and the Court will adopt the report and recommendation.

C

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is [Dkt. #18] is **ADOPTED** and Defendant's objection [Dkt. # 19] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion to dismiss [Dkt. # 15] is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: February 10, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2009.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS